SUMMARY ORDER

Petitioner Qiu Yan Chen, a native and citizen of the People’s Republic of China, seeks review of a June 6, 2008 order of the BIA affirming the August 15, 2006 decision of Immigration Judge (“IJ”) Elizabeth A. Lamb denying Chen’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Qiu Yan Chen, No. A95 716 258 (B.I.A. June 6, 2008), aff'g No. A95 716 258 (Immig. Ct. N.Y. City Aug. 15, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts and supplements the Id’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).**
*22 We conclude that substantial evidence supports the IJ’s determination that Chen was not credible. As the IJ found, Chen’s testimony regarding the incident in May 2005 when the police allegedly raided her Falun Gong meeting was internally inconsistent. Chen first testified that she saw the police officers arrest her fellow Falun Gong practitioners, but then stated that she did not see the officers and only learned that they were there making arrests because she “heard that there were noises inside.” The IJ properly found that Chen’s ability to identify the police officers as “plain clothes” officers contradicted her earlier testimony that she had not seen them. While Chen argues that she merely confused “uniformed” and “plain clothes” officers, a reasonable factfinder would not have been compelled to credit that explanation. See, e.g., Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
The IJ also properly found that Chen’s testimony was vague, particularly with respect to the May 2005 arrest of her fellow Falun Gong practitioners. See Shunfu Li v. Mukasey, 529 F.3d 141, 147 (2d Cir.2008).
The IJ also found Chen’s demeanor suspect and observed that her responses were oftentimes evasive, as she was unable to answer the simple questions that were asked of her. In particular, the IJ questioned Chen’s credibility based on her inability to explain what a cult was, despite her testimony that the Chinese government believed that Falun Gong was a cult. Chen correctly asserts that an applicant’s lack of doctrinal knowledge about a religion generally does not undermine her credibility when she does not claim to be an expert in that religion. See Rizal v. Gonzales, 442 F.3d 84, 90 (2d Cir.2006). However, because the IJ’s skepticism here stemmed less from Chen’s lack of doctrinal knowledge than from her evasive and ultimately unresponsive answers, we will not disturb the IJ’s findings. See Majidi, 430 F.3d at 81 n. 1; Li Hua Lin v. U.S. Dep’t of Justice, 453 F.3d 99, 109 (2d Cir.2006).
Because the only evidence of a threat to Chen’s life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

 For applications such as Chen’s which are governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act, see 8 U.S.C. § 1158(b)(l)(B)(iii), an IJ *22 making a credibility determination "may rely on omissions and inconsistencies that do not directly relate to the applicant’s claim of persecution as long as the totality of the circumstances establish that [she] is not credible.” *23 Xiu Xia Lin v. Mukasey, 534 F.3d 162, 164 (2d Cir.2008).